When Recorded Return To:
CitiMortgage, Inc.
1000 Technology Drive, MS 420
O'Fallon, MO 63368-2240

Certified True Copy

Prepared by: Sherry Valentine
Office: CitiMortgage, Inc.
1000 Technology Drive
O'Fallon, MO 63368
Loan # █████████

**Original Principal Amount:** $ 150,312.00
**Unpaid Principal Amount:** $ 139,284.88
**New Principal Amount:** $ 156,493.32
**New Money (Cap):** $ 17,208.44

## LOAN MODIFICATION AGREEMENT

### (PROVIDING FOR FIXED INTEREST RATE/CAPITALIZATION)

This Loan Modification Agreement ("Agreement"), made December 6, 2013, between

**ACQUANLAN D HARRIS AND STEVEN L HARRIS WIFE AND HUSBAND** ("Borrower") residing at 5007 COLORADO DR, KILLEEN, TX 76542-4355, and CitiMortgage, Inc. ("Lender") If Applicable: follow with successor by reason of merger with N/A and amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") dated 01/19/05 and recorded on 01/25/05, Document number 003083, Book number na, Page na in the Official Records of BELL Texas, and (2) the Note bearing the same date as, and secured by the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 5007 COLORADO DRIVE, KILLEEN TX, 76542 the real property described as being set forth as follows: APN: █████████

(SEE ATTACHED LEGAL DESCRIPTION)

1. As of 12/06/13, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $ 139,284.88. The Borrower acknowledges that interest has accrued but has not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses in the total amount of $ 17,208.44, have been added to the indebtedness under the terms of the Note and Security Instrument and the loan re-amortized over 360 months. When payments resume on 02/01/14, the New Unpaid Principal Balance will be $ 156,493.32 ("New Unpaid Principal Balance").

2. The Borrower promises to pay the New Unpaid Principal Balance, plus Interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.625 % effective 01/01/14 (the "Interest Change Date"). The Borrower promises to make monthly payments of principal and interest of U.S. $ 804.59 (which does not include and amounts required for Insurance and/or Taxes) beginning on 02/01/14 and continuing thereafter on the same date of each succeeding month until principal and interest are paid in full.

**D. LEGAL DESCRIPTION:**

A PARCEL OF LAND LOCATED IN THE STATE OF TEXAS, COUNTY OF BELL, WITH A SITUS ADDRESS OF 5007 COLORADO DR, KILLEEN, TX 76542-4355 CURRENTLY OWNED BY HARRIS ACQUANLAN D STEVEN LAMO HAVING A TAX ASSESSOR NUMBER OF ▮▮▮▮ AND BEING THE SAME PROPERTY MORE FULLY DESCRIBED AS TIMBER RIDGE ESTATES PHASE ONE, BLOCK 004, LOT 0012 AND DESCRIBED IN DOCUMENT NUMBER 5591-810 DATED 01/20/2005.

If on 01/01/44 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, the Borrower will pay those amounts in full on the Maturity Date. All other terms stated in the Note remain the same.

3. If all or any part of the property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument.

If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by the Security Instrument. If the Borrower fails to pay these sums prior to the expiration period, the Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on the Borrower.

4. That, as of the Modification Effective date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

5. The Borrower also will comply with all the other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all the payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make the under Security Instrument; however, the following terms and provisions are forever canceled, null, and void, as of the date specified in paragraph No. 1 above:

> (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and,

> (b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, or part of, the Note and Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. It is mutually agreed that the Security Instrument shall constitute a first lien upon the premise and that neither the obligation evidencing the aforesaid indebtedness nor the Security Instrument shall in any way be prejudiced by this Agreement, but said obligation and Security Instrument and all the covenants and agreements thereof and the rights of the parties there under shall remain in full force and effect except as herein expressly modified.

8. Not withstanding the foregoing, to the extent personal liability has been discharged in bankruptcy with respect to any amount payable under the Note, as modified herein, nothing contained herein shall be construed to impose personal liability to repay any such obligation where any obligations have been so discharged. If any bankruptcy proceeding is pending or completed during a time period related to entering this Agreement. I understand that I enter this Agreement voluntarily and that this Agreement, or actions taken by the Lender in relation to this Agreement, does not constitute a demand for payment or any attempt to collect any such obligation.

9. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that a corrected Agreement or a letter Agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected documentation, the terms of the original Note and Security Instrument shall continue in full force and effect, such terms will not be modified by this Agreement.

] MERS LOAN. If this box is checked, the loan evidenced by the Note and secured by the Security Instrument was assigned to or the Security Instrument was prepared in the name of Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address of 1901 E Voorhees Street Suite C, Danville, IL 61834 or P.O. Box 2026, Flint, MI 48501-2026, and telephone number of (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

EXECUTED effective as of the day and year first above written.
Signature Template

ACCEPTED AND AGREED TO BY

CitiMortgage, Inc.

By: *April Henderson*

**April Henderson**
Document Control Officer
CitiMortgage, Inc.

12/20/13

Date

*Jacquanlan Harris*

**JACQUANLAN H HARRIS**

12/11/2013

Date

*Steven Harris*

**STEVEN LAMONT HARRIS**

11 December 2013

Date

_____[Space Below This Line For Acknowledgments]_____

INDIVIDUAL ACKNOWLEDGEMENT

State of Texas
County of BELL

On this ___11___ day of __DECEMBER__, in the year _2013_, before me, the undersigned, personally appeared, **ACQUANLAN H HARRIS** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR capacity(ies), and that by HIS/HER/THEIR signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted executed the instrument.

Notary Public _____
My Commission Expires: __January 18, 2015__

LOQUASHU CANTON
MY COMMISSION EXPIRES
January 18, 2015

State of Texas
County of BELL

On this ___11___ day of __December__, in the year _2013_, before me, the undersigned, personally appeared, **STEVEN LAMONT HARRIS** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR capacity(ies), and that by HIS/HER/THEIR signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted executed the instrument.

Notary Public _____
My Commission Expires: __January 18, 2015__

LOQUASHU CANTON
MY COMMISSION EXPIRES
January 18, 2015

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

State of Missouri )
)
County of St Charles )

On <u>December 20, 2013</u>, before me appeared <u>April Henderson</u>, to me personally known, being duly sworn or affirmed did say that she is a <u>Document Control Officer Of CitiMortgage, Inc.</u>, and that said instrument was signed on behalf of said corporation, by authority of its Board of Directors, <u>April Henderson</u> acknowledged said instrument to be the free act and deed of said corporation, and that such individual made such appearance before the undersigned in the City of O'Fallon, State of Missouri.

JENNIFER J. ZOLPER
My Commission Expires
August 29, 2017
St. Charles County
Commission #13521417

_____
Notary Public

STATE OF MISSOURI
COUNTY OF SAINT CHARLES

## AFFIDAVIT OF CORRECTION

**April Henderson**, being first duly sworn on oath, deposes and states as follows:
1. I am employed by CitiMortgage, Inc. as a **Document Control Officer**. In that capacity, I am authorized to execute this affidavit on behalf of CitiMortgage, Inc. The statements made in this Affidavit are based on my personal knowledge.
2. I am over the age of 18 and competent to testify as to the matters contained herein.
3. For convenience, the following party or parties listed on the Note are referred herein as "Borrower":
**ACQUANLAN H HARRIS AND STEVEN LAMONT HARRIS.**
4. Borrower executed a Note dated 01/19/2005, in the amount of $150,312.00 secured by a Mortgage on a property located at **5007 COLORADO DRIVE, KILLEEN, TX 76542.**
5. CitiMortgage, Inc. is the lender and/or servicer of the Note and Mortgage made and executed or assumed by the Borrower.
6. In my capacity as a **Document Control Officer**, I have access to CitiMortgage, Inc.'s business records, including the business records for and relating to the Borrower's loan. I make this affidavit based upon my review of those records relating to the Borrower's loan and from my own personal knowledge of how they are kept and maintained. The loan records for the Borrower are maintained by CitiMortgage, Inc. in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge. It is the regular practice to keep such records in the ordinary course of a regularly conducted business activity.
7. CitiMortgage, Inc.'s business records that relate to the Borrower's loan that I reviewed and relied upon for the statements made in this Affidavit are the Note, Mortgage, any modifications thereto, and CitiMortgage, Inc.'s electronic servicing system.
8. The purpose of this affidavit is to correct a scrivener's error in the **LOAN MODIFICATION AGREEMENT** with an effective date of **01/01/14**. Through inadvertence, mistake, and error, the Modification Agreement contains a scrivener's error in that.

The Mortgage recorded information was incorrectly stated as recorded on 01/25/05, Document number 003083, Book number na, Page na.

9. This error was unintentional. The correct information should read as follows:

Recorded on 01/21/2005, Vol number 5591, Page 812.

Page # 1    MO183 St. Charles County

10. I am knowledgeable of the agreement and the intention of the parties in this regard and confirm that these corrections are true and correct to the best of my knowledge.

Executed this 12/20/2013
By: *April Henderson*
April Henderson

Date: 12/20/2013

Subscribed and sworn to before me this 12/20/2013 by **Jennifer J. Zolper**

State of Missouri
My commission expires: **08/29/2017**

Personally known __X__ OR Produced identification _____.

Type of identification produced:

*Jennifer Zolper*

JENNIFER J. ZOLPER
My Commission Expires
August 29, 2017
St. Charles County
Commission #13521417

# Certificate of Preparation

Prepared by: Georgia A. Brumit
CitiMortgage, Inc.
1000 Technology Drive (M.S. 321)
O'Fallon, MO 63368-2240
1-866-272-4749

Acct # ███████

This is to certify that this INSTRUMENT was prepared by CITIMORTGAGE Inc., one of the parties name in the instrument.

*/s/ Ga Brumit*

Preparer Signatures
**Georgia A. Brumit**
Document Control Officer